UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CURTIS DAVIS,                          :
     Plaintiff,                        :
                                       :
     v.                                :   Case No. 3:17cv1176(AWT)
                                       :
CHARLETON GILES,                       :
     Defendant.                        :

**RULING AND ORDER**

The plaintiff, Curtis Davis, is incarcerated at the Enfield Correctional Institution in Enfield, Connecticut.  He has filed a civil rights complaint against Charleton Giles, Chairperson of the State of Connecticut Board of Pardons and Paroles.  The defendant has moved to dismiss this action.  For the reasons set forth below, the complaint is being dismissed.

The complaint includes Fourteenth Amendment due process and equal protection claims, a Fifth Amendment due process claim and a deliberate indifference claim.  The defendant moves to dismiss the Fourteenth Amendment due process and equal protection claims.  The court reviews the remaining claims in the complaint sua sponte pursuant to 28 U.S.C. § 1915A(b).

**I.    LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), a district court must review prisoner civil complaints against governmental actors and

"dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When considering a motion to dismiss, the court "accepts as true all of the factual allegations set out in [the] complaint, draw[s] inferences from those allegations in the light most favorable to the plaintiff, and construes the complaint liberally." Roth v. Jennings, 489 F.3d 499, 510 (2d Cir. 2007) (internal quotation marks and citation omitted). In addition to the facts set forth in the complaint, the court may also consider documents either attached to the complaint or incorporated into it by reference, "and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

In reviewing a complaint sua sponte pursuant to 28 U.S.C. § 1915A(b) or in connection with a motion to dismiss, the court applies a "plausibility standard, which is guided by "two working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2

First, the requirement that the court accept as true the allegations in the complaint is inapplicable to "labels and [legal] conclusions or . . . naked assertion[s] devoid of further factual enhancement . . . [or] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678 (internal quotation marks and citation omitted). Second, to survive dismissal, the complaint must "state[] a plausible claim for relief." Id. at 679 (citation omitted).

Determining whether the complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotation marks and citation omitted). Even under this standard, however, the court liberally construes a pro se complaint. See Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (complaint filed by a pro se plaintiff "must be construed liberally and interpreted to raise the strongest arguments that they suggest") (internal quotation marks and citation omitted); Tracy v. Freshwater, 623 F.3d 90, 101-02

(2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

## II. FACTUAL ALLEGATIONS

The plaintiff alleges that law enforcement officials arrested him on a murder charge on November 15, 1978. See Compl. ¶ 11. He states that a judge subsequently sentenced him to life with the possibility of parole. See id. ¶ 12. State of Connecticut Department of Correction records reflect that the plaintiff is serving a maximum term of imprisonment of 999 years, 999 months and 999 days pursuant to a sentence imposed on March 14, 1980 for murder.[1]

The plaintiff claims that the parole board eventually released him on parole. See Compl. ¶ 13. On December 14, 2011, law enforcement officials arrested him for absconding, a parole violation. See id. ¶¶ 14, 23. He participated in a parole revocation hearing on February 16, 2012, and a judge revoked his parole because he had engaged in violations of the conditions of his parole, including absconding. See id. ¶¶ 14-15, 23.

The parole board scheduled the plaintiff for a hearing on March 18, 2015, to review his future eligibility for release on

---

[1] Information regarding the plaintiff's conviction may be found on the Department of Correction's website under Inmate Search using his CT DOC Inmate Number 89047. *See*

4

parole.  See id. ¶¶ 16-17.  On that date, the plaintiff

participated in a "discretionary proceeding."  Id. ¶ 17.

The parole board denied him release on parole.  See id. ¶ 18.

The plaintiff claims that he has no new date for a hearing

to consider his release on parole.  See id. ¶ 19.  He seeks both

declaratory and injunctive relief from the defendant in his

official capacity.  See id. at 5 (Relief Requested – A, B & C).

### III. DISCUSSION

The defendant construes the complaint as raising a

Fourteenth Amendment due process claim related to the March 2015

parole hearing and a Fourteenth Amendment equal protection claim

related to the March 2015 parole hearing.  The court construes

the complaint as also asserting a Fifth Amendment due process

claim related to the February 2012 parole revocation hearing and

the March 2015 parole hearing, a Fourteenth Amendment claim

related to the February 2012 parole revocation hearing and a

deliberate indifference claim.

In support of his motion to dismiss, the defendant argues

that the plaintiff has failed to serve him in his official

capacity; the requested injunctive and declaratory relief are

unavailable; the plaintiff failed to state a claim for violation

of procedural due process rights because he has no liberty interest in parole or a parole hearing; and the plaintiff has failed to state a claim for violation of his equal protection rights. The plaintiff has filed a response to the motion to dismiss.

## A. Fifth Amendment Due Process Claim

The plaintiff challenges the process that the defendant afforded him during the parole revocation hearing in February 2012 and the review of future parole hearing held in March 2015. He claims that the defendant violated his Fifth and Fourteenth Amendment due process rights because the defendant did not permit him to question his parole officer during the hearings.

The Fifth Amendment applies to the federal government, not to the states. See Dusenbery v. United States, 534 U.S. 161, 167 (2003) (holding Fifth Amendment's Due Process Clause protects citizens against only federal government actors, not State officials); Darnell v. Pineiro, 849 F.3d 17, 21 n.3 (2d Cir. 2017) (noting Due Process Clause of the Fourteenth Amendment applicable to claims of "state pretrial detainees who are seeking to vindicate their constitutional rights" and Due Process Clause of Fifth Amendment "applicable to claims brought by federal detainees"). Because the plaintiff is not a federal prisoner and

has not alleged any deprivation of his rights by the federal government or federal employees, any Fifth Amendment claims against the defendant are being dismissed.  See 28 U.S.C. § 1915A(b)(1).

## B.    Deliberate Indifference Claim

On page four of the complaint, the plaintiff includes a section titled "deliberate indifference."  He states generally that the defendant's treatment of him has been reckless or indifferent.  He does not otherwise offer any facts to explain how the defendant treated him with deliberate indifference.

The Eighth Amendment to the United States Constitution provides protection to inmates from deliberate indifference by state employees to their health, safety and medical/dental/mental health needs.  See e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994) (To establish an Eighth Amendment violation based on a claim that an inmate's conditions of confinement were inhumane, the inmate must establish that 1) he or she was incarcerated under conditions that posed a risk of serious harm, and 2) state officials acted with deliberate indifference to his or her health or safety) (internal quotation marks and citations omitted); Estelle v. Gamble, 429 U.S. 97, 104 (1976)(deliberate indifference by prison officials to a prisoner's serious medical

need constitutes cruel and unusual punishment in violation of the Eighth Amendment).  The allegations asserted by the plaintiff are conclusory and do not state a claim of deliberate indifference by the defendant under the Eighth Amendment.  See Green v. Martin, 224 F. Supp. 3d 154, 177 (D. Conn. 2016) ("[B]ecause [plaintiff] has no constitutional or inherent right to be released prior to the expiration of his sentence, there is nothing cruel or unusual about requiring him to serve the full term of his sentence.") (citing Smith v. U.S. Parole Comm'n, 814 F. Supp. 246, 248 (D. Conn. 1993).  Nor does the plaintiff explain how the defendant's alleged deliberate indifference violated any of his other federal constitutional rights.  Accordingly, the claim for deliberate indifference is being dismissed.  See 28 U.S.C. § 1915A(b)(1).

### C.   Fourteenth Amendment Due Process Claim
2012 Parole Revocation Hearing

The plaintiff concedes that he participated in the parole revocation hearing in February 2012 and that the defendant or the Board of Pardons and Paroles revoked his parole because he had violated at least one condition of his parole by absconding. He claims, however, that the defendant failed to provide him with all of the process that he was due because he did not have the opportunity to confront his parole officer during the

hearing.  He contends that the defendant violated his procedural due process rights under the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  In Connecticut, the general three-year personal injury statute of limitations period set forth in Connecticut General Statutes § 52-577 is the limitations period for civil rights actions asserted under 42 U.S.C. § 1983.  See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994).  The plaintiff filed this action in July 2017.  Thus, the procedural due process challenge to the 2012 parole revocation hearing is barred by the statute of limitations.  The allegations regarding the February 2012 parole revocation hearing are being dismissed as barred by the statute of limitations.  See 28 U.S.C. § 1915A(b)(1); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint may be dismissed sua sponte based on a defense that appears on the face of the complaint).

### D.    Injunctive Relief – Release from Confinement

In his request for injunctive relief, the plaintiff seeks an order directing the defendant to release him immediately or to immediately review him for release on parole "with

9

articulation submitted to this Court." Compl. at 5. The
defendant argues that the request for relief seeking immediate
release may only be granted in a habeas petition. The court
agrees.

"Habeas is the exclusive remedy . . . for the prisoner
who seeks "immediate or speedier release" from confinement."
Skinner v. Switzer, 562 U.S. 521, 525 (2011) (noting that the
Court had reaffirmed this holding in Wilkinson v. Dotson, 544
U.S. 74, 82 (2005)). Because a request directing the defendant
to release the plaintiff from his sentence or confinement cannot
be granted in section 1983 action, this claim for injunctive
relief is subject to dismissal without prejudice. In addition,
it would be inappropriate for the court to construe this action
as a habeas petition because the plaintiff has not alleged that
he has met the exhaustion requirement for filing a section 2254
petition. A prerequisite to habeas corpus relief in federal
court is the exhaustion of all available state remedies. See
O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); 28 U.S.C.
§2254(b)(1)(A). Accordingly, the motion to dismiss is being
granted and the request for injunctive relief seeking the
plaintiff's release from confinement is being dismissed without
prejudice.

## E.   Declaratory Relief

The plaintiff seeks a declaration that the defendant violated his due process rights under the Fifth and Fourteenth Amendments.  The defendant argues that such declaratory relief is not available.  The plaintiff does not address or respond to this argument.

Declaratory relief serves to "settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships."  Colabella v. American Institute of Certified Public Accountants, No. 10-cv-2291(KAM)(ALC), 2011 WL 4532132, at *22 (E.D.N.Y. Sept. 28, 2011) (citations omitted).  Thus, it operates in a prospective manner to allow parties to resolve claims before either side suffers great harm.  See In re Combustion Equip. Assoc. Inc., 838 F.2d 35, 37 (2d Cir. 1988).  In Ex Parte Young, 209 U.S. 123, 155-56 (1908), the Supreme Court held that an exception to the Eleventh Amendment's grant of sovereign immunity from suit existed to permit a plaintiff to sue a state official acting in his or her official capacity for prospective injunctive relief for continuing violations of federal law.  The exception to Eleventh Amendment immunity, however, does not apply to claims against state officials

11

seeking declaratory or injunctive relief for prior violations of federal law.  See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past"); Green v. Mansour, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of Young . . . to claims for retrospective relief") (citations omitted).

The plaintiff's request for a declaration that the defendant violated his federal due process rights during the parole hearings held in 2012 and 2015 cannot be properly characterized as "prospective" because the plaintiff does not allege how such relief would remedy a future constitutional violation by the defendant.  Thus, the plaintiff's request for declaratory relief does not satisfy the requirements for the exception to Eleventh Amendment immunity set forth in Ex Parte Young.  The motion to dismiss is being granted as to the request for declaratory relief.  The request for prospective injunctive relief relating to a new hearing to determine the plaintiff's eligibility for release on parole, however, is available against the defendant in his official capacity and is addressed below.

**F.    Fourteenth Amendment Due Process Claim**
**2015 Release on Future Parole Hearing**

The plaintiff states that he appeared at a hearing held by the Board of Pardons and Paroles on March 18, 2015. He describes the hearing, as discretionary and not "another revocation proceeding." Compl., ECF No. 1, ¶ 17. He states that the Board of Pardons and Paroles denied his release on parole at the hearing. He claims that the defendant did not provide him with the opportunity to confront his parole officer at the hearing, in violation of his due process rights under the Fourteenth Amendment. The plaintiff seeks an order directing the defendant to schedule him for a hearing in order to review him for release on parole.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The defendant argues that the plaintiff has no liberty interest in a parole hearing to determine his eligibility for release on parole. The plaintiff does not address or respond to this argument.

The Supreme Court has held that the United States Constitution provides inmates no constitutionally protected liberty interest in parole, or any other conditional release

13

from prison, prior to the expiration of a valid sentence.

See <u>Greenholtz v. Inmates of Neb. Penal and Corr. Complex</u>, 442

U.S. 1, 7 (1979). Nor are States under an obligation to

"establish a parole system" for their prisoners. <u>Id.</u>

Although Connecticut has established a system of parole,
the language of the statutes governing an inmate's eligibility
for parole does not create a legitimate expectancy of release on
parole. There is no mandatory language in the statutes, rather
the language is discretionary. <u>See</u> Conn. Gen. Stat. §§ 54-125;
54-125a, 54-128. Thus, the statutory language does not create a
protected liberty interest in parole. <u>See</u> Conn. Gen. Stat. §§
54-125; 54-125a, 54-128; <u>Taylor v. Robinson</u>, 171 Conn. 691, 697–
98 (1976) ("[t]here is no statutory requirement that the panel
[of the board] actually consider the eligibility of any inmate
for parole, the statute does not vest an inmate with the right
to demand parole, and there is no statutory provision which even
permits an inmate to apply for parole.... For even if the inmate
has complied with the minimum requirements of [the parole
statute], the statute does not require the board to determine
his eligibility for parole.") (Citations omitted);
<u>Vincenzo v. Warden</u>, 26 Conn. App. 132, 141–43 (1991) (no
protected liberty interest in parole release created under

14

language of Connecticut's parole statute); Sidney Wade #317280

v. Carlton Giles, Bd. of Pardons & Paroles et al., No.

CV165006825S, 2017 WL 7053750, at *5 (Conn. Super. Ct. Dec. 28,

2017) ("The legislature has delegated broad discretionary

authority to the Board to make all parole eligibility

determinations.").

Because there is no liberty interest in release on parole,

the plaintiff was not entitled to procedural due process

protections in connection with the parole release hearing held

in March 2015. See e.g., Barna v. Travis, 239 F.3d 169, 171 (2d

Cir. 2001) (per curiam) (evaluating New York's parole statutes

and holding that "New York parole provisions do not create an

entitlement to release, "[prisoners] have no liberty interest in

parole, and the protections of the Due Process Clause are

inapplicable.") Thus, the plaintiff being denied the

opportunity to question his parole officer at the hearing held

on March 18, 2015 does not state a claim for violation of his

Fourteenth Amendment procedural due process rights.[2]

_____

[2] The court notes that even if the plaintiff had a liberty
interest in being released on parole, he has not provided any
statutory or regulatory authority to support his claim that an
inmate must be permitted to question his or her parole officer
at a parole hearing.  Nor has research revealed any such
procedural requirement.

The plaintiff also complains that the defendant has not scheduled him for any future hearing to determine his eligibility for release on parole.  Because there is no liberty interest in release on parole, the fact that defendant may not have set a new date for a parole hearing does not violate the plaintiff's procedural due process rights.  The court notes, however, that the Connecticut Board of Pardons and Paroles website reflects that although the Board denied the plaintiff release on parole on March 18, 2015, it scheduled a new parole hearing date in March 2020.[3]  Accordingly, the motion to dismiss is being granted on the ground that allegations related to Fourteenth Amendment procedural due process violations in connection with the March 2015 parole hearing and the alleged decision not to schedule a future parole hearing fail to state a claim upon which relief may be granted.

### G.    Fourteenth Amendment Equal Protection Claim

The plaintiff asserts that other similarly situated inmates, who have been sentenced to life imprisonment and whose

_____

[3] This information is available on the Board or Paroles and Pardons website at: http://www.ct.gov/bopp/site/default.asp and may be reached by clicking on the following tabs: Hearing/Meetings, Parole Hearing Information, Parole Hearing Dockets/Minutes, March 2015, and 03-18-2015 – Enfield CI Full Panel (Video).

terms of parole have been revoked, have been re-released on
parole, yet he still remains confined in prison.  He contends
that the defendant has discriminated against him in violation of
the Equal Protection Clause of the Fourteenth Amendment by
denying him release on parole.

The Supreme Court has recognized that "[t]he Equal
Protection Clause of the Fourteenth Amendment commands that no
State shall 'deny to any person within its jurisdiction the
equal protection of the laws,' which is essentially a direction
that all persons similarly situated should be treated alike."
City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439
(1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "This
provision does not mandate identical treatment for each
individual."  Muhmmaud v. Murphy, 632 F. Supp. 2d 171, 178 (D.
Conn. 2009) (citing City of Cleburne, 473 U.S. at 439-40).

In Village of Willowbrook v. Olech, 528 U.S. 562 (2000),
the Supreme Court held that an individual may state an equal
protection violation under a "class of one" theory.
Id. at 564.  Under this theory, the plaintiff must allege that
"she [or he] has been intentionally treated differently from
others similarly situated and that there is no rational basis
for the difference in treatment."  Id.  The plaintiff must

17

allege an "extremely high degree of similarity" with the person to whom he is comparing himself. Clubside v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006) (citation omitted). The plaintiff's circumstances and the other person's circumstances must be "prima facie identical." Neilson v. D'Angelis, 409 F.3d 100, 105 (2d Cir. 2005) (internal quotation marks and citation omitted), overruled on other grounds by Appel v. Spiridon, 531 F.3d 138 (2d Cir. 2008).

The plaintiff states that during the five years that he has been in prison pursuant to the 2012 decision revoking his parole, "other lifers" have been re-incarcerated on violations of parole, including committing new crimes, and the Board of Pardons and Paroles has then re-paroled or released those inmates. Compl. ¶ 22. He claims that these "lifers" are similarly-situated to him, but have been treated more leniently by the defendant. The plaintiff does not otherwise describe the other "lifers."

The defendant argues that the plaintiff has not asserted facts demonstrating that any of the other inmates who have been sentenced to life were prima facie identical to him. The plaintiff has not included any facts regarding his own parole

history or the nature of the crimes of the other "lifers" or their parole histories.

The facts as alleged are not sufficient to show the necessary degree of similarity of the plaintiff to other inmates sentenced to life in prison and who have been re-released on parole after having been found in violation of the conditions of their terms of parole. Thus, the plaintiff has not stated a class of one equal protection claim. See Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010)(affirming dismissal of equal protection claim on ground that mere allegation of less favorable treatment than "similarly situated" persons failed to state plausible "class of one" equal protection claim) (citation omitted); Riley v. Roycroft, No. 16 CV 2227 (VB), 2017 WL 782917, at *8 (S.D.N.Y. Feb. 28, 2017)(conclusory allegation that inmate was denied medical care that was provided to other similarly situated inmates did not state viable equal protection claim because inmate "fail[ed] to allege facts that demonstrate[d] a substantial similarity between himself and the other inmates with whom he compare[d] himself"); Page v. Lantz, No. 3:03cv1271(MRK), 2007 WL 1834519, at *6 (D. Conn. June 25, 2007) (holding class of one equal protection claims fails as matter of law where the plaintiff did

not allege that similarly situated inmates were treated differently under similar circumstances).

In response to the motion to dismiss, the plaintiff identifies three inmates by name and states that they are "all lifers, [who] have come and gone during [his] present incarceration." Reply Mem. Opp'n Mot. Dismiss, ECF No. 15 at 2. He claims that none of the three inmates were incarcerated for more than two and one-half years before the Board of Pardons and Paroles released them on parole again. The plaintiff contends that there was no rational basis for treating him differently than these other three inmates, and that the conduct of the defendant in denying him release on parole in March 2015 was arbitrary and capricious.

The plaintiff may not amend his complaint using a memorandum in opposition to a motion to dismiss. See Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 390 n.19 (S.D.N.Y. 2013) ("a complaint may not be amended by the briefs in opposition to a motion to dismiss"); Walia v. Napolitano, 986 F. Supp. 2d 169, 184 (E.D.N.Y. 2013) ("Plaintiff cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss") (internal quotation marks and citations

omitted). Moreover, even if the plaintiff could amend his complaint to add the information from his reply memorandum, the information he provides is still insufficient to show the necessary degree of similarity between himself and the other inmates who have been sentenced to life and re-released on parole. Accordingly, the motion to dismiss is being granted as to the Fourteenth Amendment equal protection claim.

### H. Service of Process

The defendant argues that the plaintiff has not properly served him in his official capacity. The court has granted the plaintiff leave to proceed in forma pauperis. Thus, the plaintiff is not required to serve the complaint on the defendant. See 28 U.S.C. § 1915(d). Consequently, the fact that the defendant has not yet been served in his official capacity is not a basis to dismiss the complaint.

### IV. CONCLUSION

The court enters the following orders:

The Motion to Dismiss [**ECF No. 14**] is **GRANTED** as to the request for declaratory relief, the Fourteenth Amendment due process claim related to the 2015 parole hearing and the Fourteenth Amendment equal protection claim related to the 2015 parole hearing, **GRANTED** without prejudice as to the request for

injunctive relief seeking release from confinement[4], and **DENIED**
with respect to the argument that the complaint has not been
served on the defendant in his official capacity. The court
**DISMISSES** the Fifth Amendment due process claim, the Fourteenth
Amendment due process claim related to the 2012 parole
revocation hearing and the deliberate indifference claim
pursuant to 28 U.S.C. § 1915A(b)(1). Thus, all claims have been
**DISMISSED**.

The court notes that in his memorandum in opposition to the
motion to dismiss, the plaintiff stated that he intends to seek
information regarding the three "lifer" inmates in order to show
that those inmates are similarly situated to him. See Reply
Mem. Opp'n Mot. Dismiss, ECF No. 15 at 2. If the plaintiff
seeks to clarify and provide support for his class of one equal
protection claim, he may file a motion to reopen and for leave
to file an amended complaint that is accompanied by a proposed
amended complaint. The plaintiff is reminded that to state a
class of one equal protection claim, he must allege an
"extremely high degree of similarity" with the person or persons
to whom he is comparing himself. Clubside v. Valentin, 468 F.3d

_____

[4] If the plaintiff seeks to pursue his request for release
from confinement, he may do so in a petition for writ of habeas
corpus.

144, 159 (2d Cir. 2006) (citation omitted).  The proposed

amended complaint should be limited to the equal protection

claim.

The Clerk is directed to enter judgment for the defendant

and close this case.

It is so ordered.

Signed this 10th day of May, 2018, at Hartford,

Connecticut.


                    _____/s/AWT_____
                         Alvin W. Thompson
                    United States District Judge